IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| COREY BURROWS,<br>　　Movant, | ::<br>::<br>:: | MOTION TO VACATE<br>28 U.S.C. § 2255 |
| v. | ::<br>:: | CRIMINAL ACTION NO.<br>1:13-CR-305-TWT-LTW-3 |
| UNITED STATES OF AMERICA,<br>　　Respondent. | ::<br>::<br>:: | CIVIL ACTION NO.<br>1:16-CV-3672-TWT-LTW |

## FINAL REPORT AND RECOMMENDATION

Movant is a federal prisoner who pled guilty, pursuant to a negotiated plea agreement, to conspiring to commit robbery affecting interstate commerce. (Docs. 202, 277.)[1]  The Court sentenced Movant to fifty-one months' imprisonment, three years' supervised release, and restitution. (Doc. 283.)  Neither party filed an appeal.

Movant, pro se, filed a motion under 28 U.S.C. § 2255 challenging his sentence. (Doc. 287.)  Movant contends that his sentence is improper because he did not engage in violence in committing the crime, but only broke a glass. (Doc. 287-1.)  Movant appears to also challenge the Court's application of certain sentence enhancements under the U.S. Sentencing Guidelines. (*Id.*; Doc. 287 at 4.)

---

[1] All citations to the record are to 1:13-cr-305-TWT-LTW.

AO 72A
(Rev.8/82)

Under Rule 4 of the Rules Governing § 2255 Proceedings for the U.S. District Courts, the Court must "promptly examine" the § 2255 motion and determine whether "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." If it does so appear, the Court "must dismiss the motion."[2] Rule 4, § 2255 Proceedings. It is plainly apparent from Movant's § 2255 motion and the record that Movant is not entitled to relief, as explained below.

> In the plea agreement, Movant, to the maximum extent permitted by federal law, voluntarily and expressly waive[d] the right to appeal his conviction and sentence and the right to collaterally attack his conviction and sentence in any post-conviction proceeding (including, but not limited to, motions filed pursuant to 28 U.S.C. § 2255) on any ground, except that [Movant] may file a direct appeal of an upward departure or upward variance above the sentencing guideline range as calculated by the district court.

(Doc. 277 at 18.) In signing the plea agreement, Movant acknowledged that "the appeal waiver contained in the Plea Agreement will prevent me, with the narrow exceptions stated, from appealing my conviction and sentence or challenging my conviction and sentence in any post-conviction proceeding." (*Id.* at 21.)

---

[2] District courts may sua sponte dismiss § 2255 motions after affording the parties fair notice, which this Report and Recommendation provides. *See Day v. McDonough*, 547 U.S. 198, 209-10 (2006).

The appeal waiver in Movant's plea agreement bars his § 2255 motion. An appeal waiver, including a waiver of the right to collaterally challenge a sentence via § 2255, must be enforced if it is made knowingly and voluntarily. *Williams v. United States*, 396 F.3d 1340, 1342 (11th Cir. 2005); *United States v. Bushert*, 997 F.2d 1343, 1350-51 (11th Cir. 1993). The waiver is knowing and voluntary if either: "(1) the district court specifically questioned the defendant concerning the sentence appeal waiver . . . or (2) it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver." *Williams*, 396 F.3d at 1341 (quotation marks omitted).

At the plea hearing, during which Movant was under oath, the parties discussed the appeal waiver in Movant's plea agreement. Respondent's counsel described the appeal waiver, and Movant agreed with counsel's description. (Doc. 289 at 11-12.) Later in the hearing, the Court discussed the appeal waiver with Movant:

> THE COURT: Do you understand that as a part of your plea agreement you are giving up your right to appeal your sentence unless there's an upward departure from the guidelines or an appeal by the Government?
>
> [MOVANT]: Yes, sir.
>
> THE COURT: Other than the plea agreement, has anyone threatened or forced you to give up your right to appeal your sentence?

> [MOVANT]: No, sir.
>
> THE COURT: Other than the plea agreement, has anyone made any promise to you that caused you to give up your right to appeal your sentence?
>
> [MOVANT]: No, sir.
>
> THE COURT: Are you giving up your right to appeal your sentence freely and voluntarily?
>
> [MOVANT]: Yes, sir.

(*Id.* at 17-18.)

Movant also certified when he signed the plea agreement that he understood the waiver and that it prevented him from challenging his conviction or sentence, including via § 2255. (Doc. 277 at 21.) It is clear from the record that the appeal waiver is enforceable and bars Movant's challenge to his sentence under § 2255. *See Demello v. United States*, 623 F. App'x 969, 972 (11th Cir. 2015) ("When a valid sentence-appeal waiver is entered into knowingly and voluntarily and contains express language waiving the right to collateral review, it is enforceable and precludes the defendant from collateral[ly] attacking a sentence . . . .").

Accordingly, the undersigned **RECOMMENDS** that Movant's § 2255 motion [287] be **DISMISSED** under Rule 4 of the § 2255 Rules and that civil action number

AO 72A
(Rev.8/82)

1:16-cv-3672-TWT-LTW be **DISMISSED**. The undersigned further **RECOMMENDS** that a certificate of appealability be **DENIED** because Movant has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

**SO RECOMMENDED** this 30 day of January, 2017.

_____
LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE